<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAVID ROSS,<br><br>　　　*Plaintiff*,<br><br>　　v.<br><br>ESTATE OF JUDE MASSILLON; IPC BEVERAGE GROUP, INC.; THOMAS HANLEY; STRADLEY RONON STEVENS & YOUNG, LLP; ABC AND XYZ CORPS. 1-10; and JOHN and JANES DOES 1-10,<br><br>　　　*Defendants*. | Civil Action No. 25-8493<br><br>**OPINION**<br><br>June 16, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants Thomas Hanley and Stradley Ronon Stevens & Young LLP (collectively, "Defendants") Motion to Dismiss Counts III through VI of Plaintiff David Ross's ("Plaintiff") Complaint.  (ECF 1, "Compl."; ECF 6, "Motion" or "Mot.")  Plaintiff opposed the Motion.  (ECF 10, "Opp.")  Defendants filed a reply.  (ECF 13, "Reply".)  The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.  Counts III-VI of Plaintiff's Complaint are **DISMISSED** without prejudice.

1

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

This action arises out of Defendants' allegedly fraudulent business transactions with Plaintiff. (Compl. ¶ 1.) Plaintiff brings his suit against the Estate of Jude Massillon ("Estate"), IPC Beverage Group, Inc. ("IPC Beverage" or the "Company"), Thomas Hanley ("Hanley" or "Defendant Hanley") and Stradley Ronon Stevens & Young, LLC ("Stradley" or "Defendant Stradley"). (*See generally id.*) Plaintiff seeks to hold Defendant Stradley liable for Defendant Hanley's actions under a theory of respondeat superior. (*Id.* ¶ 5.)

Plaintiff alleges that he, along with two others, was a Holder of Senior Secured Notes ("Notes") issued by IPC Beverage and endorsed by Jude Massillon, the President of IPC Beverage. (*Id.* ¶ 7.) According to Plaintiff, the Estate, IPC Beverage, and Defendants enticed him and two other individuals to loan money to the Company. (*Id.* ¶ 14.) Plaintiff asserts that the Estate, IPC Beverage, and Defendants solicited the Holders "under the guise" that the funding would help the Company produce inventory for a product order placed by a national chain of stores, referred to in the Complaint as Big Box Store One. (*Id.*) However, according to Plaintiff, the purchase order from Big Box Store One was "wholly bogus," as revealed by the fact that the metadata embedded in the order PDF indicated that, while the purchase order was dated November 14, 2023, the PDF itself was created on November 20, 2023. (*Id.* ¶ 15.) Plaintiff further alleges that the additional "Big Box Store One documentation" emailed to the Holders were created by "the same dishonest methods." (*Id.* ¶ 16.)

---

[1] The facts and procedural history are drawn from the Complaint (Compl.) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Plaintiff also claims that the Estate, IP Beverage, and Defendants falsified IPC Bank account statements to entice the Holders to loan the money allegedly secured by the Notes. (*Id.* ¶ 17.) When the Holders advised Defendant Hanley that the statements appeared to be fraudulent, Defendant Hanley allegedly did nothing to vet them prior to the Holders making their loans. (*Id.* ¶ 19.)

According to Plaintiff, in the aggregate, the Holders loaned $900,000 to IPC Beverage on or about December 8, 2023. (*Id.* ¶ 11.) In February 2024, Jude Massillon "continued to claim that the Big Box Store One order fulfillment was 'in transit,' that a multimedia company ordered 200,000 units, and that IPC Beverage had received a 'green light' to start producing on orders from two supermarket chains." (*Id.* ¶ 20.) But, according to Plaintiff, the Estate, IP Beverage, and Defendants subsequently sought to have the Holders roll their loans by procuring an additional purchase from a different chain store. (*Id.* ¶ 21.) Specifically, Plaintiff asserts that Defendant Hanley encouraged the Holders to document an extension of the loan on behalf of IPC Beverage, representing that it would be easier for them to get repaid with such an extension. (*Id.* ¶ 22.) Plaintiff notes that Defendant Hanley then informed the Holders that Jude Massillon would lend IPC Beverage money to repay them, despite previous promises that they would be made whole by a Big Box Store Two payment during the first week of January 2025. (*Id.* ¶ 23.)

While the Notes were set to mature on December 7, 2024, Plaintiff alleges that date passed without repayment to the Holders, resulting in an "event of default." (*Id.* ¶¶ 12-13.) Plaintiff states that he then demanded redemption under the Notes issued by IPC Beverage Group. (*Id.* ¶ 10.)

Plaintiff alleges that Defendants Hanley and Stradley provided consistent and longstanding legal representation to IPC Beverage. (*Id.* ¶ 8.) For example, Plaintiff claims Defendant Hanley used Defendant Stradley's email servers across state lines to provide legal advice and send legal

3

documents to the Holders, and that other attorneys employed at Defendant Stradley worked on addressing other needs of IPC Beverage, such as securing its intellectual property.  (*Id.* ¶ 8.) According to Plaintiff, while Defendants allowed IPC Beverage's corporate registry to lapse in March 2022, (*id.* ¶ 27), they re-registered the company's trademarks even though it had not filed tax returns in years, nor was it registered to do business in either Delaware or New York.  (*Id.* ¶ 28.)   Plaintiff also alleges that Defendant Hanley was an insider of IPC Beverage, as evidenced by the fact that he had invested his own money into the Company from its inception.  (*Id.* ¶ 25.)

Plaintiff brings two breach of contract claims against IPC Beverage, alleging that, since the Company did not retire the Holders' Notes, he is entitled to specific performance on the Notes (Count 1) and that the Company was unjustly enriched at Plaintiff's expense (Count II).  (*Id.* ¶¶ 31-39.)  However, at issue here is Defendants' Motion to Dismiss the four counts Plaintiffs bring against them: (1) civil RICO claims such as racketeering, theft, mail fraud under 18 U.S.C. § 1341, and wire fraud under 18 U.S.C. § 1343 (Count III); (2) common law fraud (Count IV); (3) common law conversion (Count V); and (4) breach of fiduciary duty (Count VI).  (*Id.* ¶¶ 40-77.)

Plaintiff filed his Complaint on June 9, 2025.  (Compl.)  Defendants Thomas Hanley and Stradley, Ronon, Stevens & Young, LLC filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 15, 2025.  (Mot.)  Plaintiff opposed the Motion on October 23, 2025.  (Opp.)  Defendants filed a reply on November 10, 2025.  (Reply.)

## II.    LEGAL STANDARD

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure Rule 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### B.  Rule 8(a)(2)

Federal Rule of Civil Procedure Rule 8(a)(2) provides that any pleading including a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Complaints that violate Rule 8 are often referred to as shotgun pleadings." *Cambridge Mutual Fire Ins. Co. v. Stihl Inc.*, No. 22-05893, 2023 WL 5928319, at *2 (D.N.J. Sept. 12, 2023)

5

(internal quotations omitted).  The four categories of shotgun pleadings include complaints that "(i) contain multiple counts where each count adopts the allegations of all preceding counts; (ii) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) do not separate into each count each cause of action or claim for relief; and (iv) assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions."  *Id.*  Shotgun pleadings all share one common characteristic: the "failure to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* (internal quotations and citations omitted).

## III.    ANALYSIS

### A.  This Court May Not Consider Plaintiff's Post Host Certification in Deciding the Motion to Dismiss.

Plaintiff's Opposition brief includes a certification alleging additional facts not included in the Complaint.  (Opp., Ex. B, "Certification" or "Cert."; *see* Compl.)  While this Court may consider documents "integral to or explicitly relied upon in the complaint," when ruling on a motion to dismiss, it "may not consider matters extraneous to the pleadings."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.  "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Pennsylvania ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998).  Thus, "[f]or purposes of deciding a motion to dismiss under Rule 12(b)(6), the Court may not consider the supplemental factual allegations in [Plaintiff's] Certification."  *McMahon v. General Dynamics Corp.*, 933 F. Supp. 2d 682, 696 (D.N.J. 2013) (declining to consider a plaintiff's subsequently filed certification when ruling on a defendant's motion to dismiss).  As such, this Court will only evaluate the factual allegations described in the Complaint.

6

**B.  Plaintiff Has Not Sufficiently Pled a Fiduciary Relationship with Defendants and Fails to Plead a Breach of Fiduciary Duty in Count VI.**

Defendants ask this Court to dismiss Plaintiff's fiduciary duty claim against them for failing to "allege any facts that establish the existence of a fiduciary relationship between [Plaintiff] and Stradley." (Mot. at 2.)  Defendants argue that both this Court and the New Jersey Supreme Court have held that attorneys do not owe non-clients duties of care except under rare circumstances.  (*Id.*)  In opposition, Plaintiff argues that attorneys owe fiduciary duties to foreseeable non-clients who rely on their professional conduct, and that Plaintiff "justifiably relied" on Defendants' reputation and counsel in making their loans.  (Opp. at 10-11.)

This Court concludes that Plaintiff has not pled sufficient facts establishing a fiduciary relationship with Defendants.  The elements of a breach of fiduciary duty claim under New Jersey law are: "(1) the existence of a fiduciary relationship between the parties; (2) the breach of the duty imposed by that relationship; and (3) damages or harm to the plaintiff caused by said breach." *SalandStacy Corp. v. Freeney*, No. 11-3439, 2012 WL 959473, at \*12 (D.N.J. Mar. 12, 2012). "[A] fiduciary relationship exists when one person is 'under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.'" *In re Cendant Corp. Sec. Litig.*, 139 F. Supp. 2d 585, 609 (D.N.J. 2001).  In New Jersey, "[a] lawyer may owe a fiduciary duty to a non-client 'when and to the extent that lawyer … invites the non-client to rely on the lawyer's opinion or provision of other legal services, the non-client so relies, and the non-client is not … too remote from the lawyer to be entitled protection." *Speeney v. Rutgers*, 673 F. App'x 149, 156 (3d Cir. 2016) (quoting *Petrillo v. Bachenberg*, 655 A.2d 1354, 1359 (N.J. 1995)); *see also Oestreicher v. Rutgers*, No. 02-959, 2015 WL 6460423, at \*11 (D.N.J. Oct. 26, 2015) (same).

The Court focuses on "the non-client's reliance on the attorney's work or representations" in determining whether Plaintiff has sufficiently pled the existence of a fiduciary relationship

7

between him and Defendants. *See Oestreicher*, 2015 WL 6460423, at \*11. To start, Plaintiff has pled no facts establishing that he was Defendants' client. He does not allege that he was Defendants' client at any point in his Complaint, and also affirms Defendants' representation of IPC Beverage. (*See* Compl. ¶ 8 ("At all relevant times, Defendants Hanley and Stradley Ronon provided consistent and longstanding representation to Defendant IPC Beverage.").) Further, Plaintiff merely alleges that Defendants "were all fiduciaries" to him and the other Holders, and pleads no facts supporting any finding that Defendants should have known that he "would rely on them for legal advice or that such reliance was foreseeable." *See Oestreicher*, 2015 WL 6460423, at \*11. For example, Plaintiff pleads no facts suggesting that he hired or had an agreement with Defendants, let alone sought out legal advice, or that Defendants issued an opinion letter or "prepare[d] an instrument with the *intent*" that Plaintiff would rely on it. *See Speeney*, 673 F. App'x at 154; *Pertillo*, 655 A.2d at 1359 (emphasis added). As such, the Court concludes Plaintiff alleges no facts establishing his reliance on Defendants' legal work or representations, thus failing to allege both a fiduciary relationship and a fiduciary duty claim. *See Twombly*, 550 U.S. at 570.

Plaintiff also fails to allege any other grounds upon which Defendants owed him a fiduciary duty. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED** as to Count VI. Count VI of Plaintiff's Complaint is **DISMISSED** without prejudice.

### C. Plaintiff Fails to Plead a Conversion Claim in Count V.

Defendants also ask this Court to dismiss Count V of Plaintiff's Complaint for failing to allege the elements of a conversion claim. (Mot. at 14-15). Defendants assert that Plaintiff pleads no facts explaining how or when Defendants took possession of funds loaned by Plaintiff to IPC Beverage, or how Defendants used the funds for their benefit. (*Id.* at 14.) In response, Plaintiff

argues that Defendant Hanley's "dual role as an attorney and shareholder gave him practical control over the transaction." (Opp. at 13.)

In New Jersey, conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *CHEP USA v. H&M Pallets, LLC*, No. 23-20986, 2024 WL 124672, at *3 (D.N.J. Jan. 11, 2024) (internal citations omitted). Conversion consists of "(1) the existence of property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the wrongful interference with that right by [the] defendant." *Austar Int'l Ltd v. AustarPharma LLC*, 425 F. Supp. 3d 336, 357 (D.N.J. 2019). "Conversion requires a defendant to exercise 'dominion and control' over another's property." *IDT Domestic Telecom, Inc. v. Crumpler*, No. 22-1947, 2023 WL 1360404, at *7 (D.N.J. Jan. 31, 2023); *see also McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 771 (3d Cir. 1990) ("Conversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property.").

Plaintiff does not plead any facts alleging that Defendants themselves exercised control over Plaintiff's property. Plaintiff claims that the Estate, IPC Beverage, and Defendants "falsif[ied] documentation sufficient to entice" him and the Holders to "invest great sums of money in Defendant IPC Beverage," "converted the monies that Plaintiff (and the Holders) loaned to Defendant IPC Beverage for their own use," and "attempted to have Plaintiff (and the Holders) roll their loans by further falsifying documentation sufficient to do so." (Compl. ¶¶ 66-68.) However, at no point does Plaintiff allege that Defendants Hanley and Stradley specifically possessed, let alone controlled, the money he loaned to IPC Beverage. Plaintiff thus fails to plead a claim of conversion. *See Marketvision/Gateway Research, Inc. v. Carter*, 2012 WL 762317, at

*2 (D.N.J. Mar. 6, 2012) (holding that a plaintiff's complaint did not establish a conversion claim because it did not plead facts supporting a finding that the defendant himself exercised control over the plaintiff's property); *see also Meisels v. Fox Rothschild LLP*, 222 A.3d 649, 661-2 (N.J. 2020) (holding that a plaintiff did not plead a conversion claim because the defendant law firm did not exercise independent dominion or control over the plaintiff's funds simply by receiving the funds in its trust account).  As such, Defendants' Motion to Dismiss Plaintiff's conversion claim is **GRANTED**.  Count V of Plaintiff's Complaint is **DISMISSED** without prejudice.

### D.  Plaintiff Fails to Plead Civil RICO (Count III) or Common Law Fraud (Count IV) with the Specificity Required Under Rule 8(a)(2).

Defendants finally ask this Court to dismiss Counts III and IV of Plaintiff's Complaint for failing to "specify and distinguish between" the alleged misconduct of Defendants, the Estate, and IPC Beverage under Rule 8(a)(2) and "set forth any specifics" of Defendants' fraudulent conduct and racketeering activity under Rules 8(a)(2) and 9(b).  (Mot. at 16-17.)  Plaintiff argues that the Complaint specifically pleads Defendants' roles in the racketeering and fraud claims, and that the elements of the claims are pled with the requisite specificity.  (Opp. at 13-20.)

As described above, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant has "fair notice of what the … claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.  Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss.  *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015).  Relatedly, vague and conclusory allegations do not satisfy Rule 8's pleading standards even if they are made with respect to specific defendants.  *See Vita v. Vita*, No. 21-11060, 2021 WL 3634521, at *1 (D.N.J. Aug. 16, 2021); *Cambridge Mutual Fire Ins. Co.*, 2023 WL 5928319, at *2.

Under Rule 8(a)(2), a plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *See Galicki*, 2015 WL 3970297, at *2. When several defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. Cnty. of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013). A complaint that contains "impermissibly vague group pleading" will be dismissed "because it does not place Defendants on notice of the claims against each of them." *Id.*; *Baldeo v. City of Paterson*, No. 18-5359, 2019 WL 277600, at *4 (D.N.J. Jan. 18, 2019) (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)). Here, Plaintiff fails to plead specific facts as to Defendants involvement in a civil RICO conspiracy and common law fraud. While the Complaint identifies each defendant in the lawsuit, (Compl. ¶ 2), its civil RICO and fraud allegations group the Estate, IPC Beverage, and Defendants Hanley and Stradley together, failing to specify the offenses attributable to or actions taken by Defendants. For example, with respect to the RICO claims in Count III, Plaintiff vaguely alleges that "Defendants [the Estate, IPC Beverage, Hanley, and Stradley] … intentionally misrepresented material facts to Plaintiff" and that "Defendants fraudulently introduced Plaintiff (and the Holders) to invest $900,000." (Compl. ¶¶ 42-43.) Relatedly, with respect to the common law fraud claims in Count IV, Plaintiff broadly alleges that "Defendants misled Plaintiff (and the Holders) by falsifying documentation sufficient to entice them to invest great sums of money …," and that "Defendants further attempted to have Plaintiff (and the Holders) roll their loans by further falsifying documentation sufficient to do so …." (*Id.* ¶¶ 59-60.) The Complaint pleads no facts distinguishing the specific acts of Defendants Hanley and Stradley from the Estate and IPC Beverage with respect to misrepresenting material facts to

11

Plaintiff, enticing the Holders to make $900,000 loans, or falsifying documentation. (*See id.* ¶ 17 ("Defendants … utilized (falsified) IPC Beverage bank account statements …."), *id.* ¶ 14 ("Defendants enticed the Holders into making loans in the first place."), *id.* ¶ 21 ("Defendants utilized a similar deception when seeking to have the Holders roll their original loans ….").)

Lastly, Plaintiff's statement that "Defendant Hanley utilized Defendant Stradley Ronon email servers to … send legal documents to the Holders" is a vague allegation that insufficiently supports his otherwise conclusory claim that Defendants, the Estate, and IPC Beverage "us[ed] interstate wires, the internet (via email), and U.S. mail to facilitate and conceal their theft and misrepresentations." (*Id.* ¶¶ 8, 44). Plaintiff does not allege any specific facts as to how, or whether, Defendant Hanley and Stradley used the email servers to facilitate theft or misrepresentations. *See Vita*, 2021 WL 3634521, at *1 (holding that a plaintiff's complaint failed to plead facts sufficient to support a breach of the covenant of good faith and fair dealing under Rule 8(a) because it "contained only vague and conclusory allegations, with no specific allegations of what Defendants did to breach the covenant").

In short, the Complaint does not sufficiently "give the defendants adequate notice of the claims against them" and fails to satisfy Rule 8(a)'s pleading requirements. *See Cambridge Mutual Fire Ins. Co.*, 2023 WL 5928319, at *2 (internal quotations and citations omitted). Therefore, Defendants' Motion to Dismiss Counts IV-V of Plaintiff's Complaint against them pursuant to Rule 12(b)(6) and Rule 8(a) is **GRANTED**.[2] Counts IV-V of Plaintiff's Complaint are **DISMISSED** without prejudice.

---

[2] Defendants also moved to dismiss Counts IV-V of Plaintiff's Complaint pursuant to Rule 9(b)'s heightened pleading standard. (Mot. at 16-21.) Given that the Court grants Defendants' Motion under Rule 12(b)(6) and Rule 8(a), the Court refrains from engaging in Rule 9(b) analysis at this time.

## IV.    CONCLUSION

For the reasons stated above, Counts III-VI of Plaintiff's Complaint are **DISMISSED** without prejudice with respect to Defendants Hanley and Stradley.  Plaintiff has 30 days to file an amended complaint in accordance with this Opinion.  An appropriate order follows.


/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**


Orig:     Clerk
cc:       Michael A. Hammer, U.S.M.J.
          Parties

13